(No. 3719—

GROVER C. STUCKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

HINDS & VICARS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint in this case alleges that the claimant was employed by the Department of Public Welfare as a stationary engineer. That on the 24th day of November, 1941, while engaged in his duties and endeavoring to repair the shaft of a coal feeder, he injured the index finger of his left hand, and

that as a result of said injury it become necessary to amputate the distal phalange on said finger. The respondent received notice of said injury on the day it occurred and the Department of Public Welfare paid all medical bills incurred by claimant.

The record in this case consists of the complaint, the report of the Department of Public Safety, stipulation of the facts between the respondent and claimant, waiver of statement, brief and argument on behalf of the claimant, and the statement, brief and argument on behalf of respondent.

The stipulation of facts shows that the injury to claimant arose in the course of and out of his employment while claimant was engaged in his duties. The stipulation further shows that as a result of the injury it became and was necessary to amputate the distal phalange of the index finger of claimant's left hand above the joint. It would appear, therefore, that the only question for the court to pass upon is the amount of compensation due claimant.

There is no jurisdictional question to be decided in this case, respondent having had ample notice as required by Section 24 of the Workmen's Compensation Act.

Claimant was receiving pay of $213.75 per month making his compensation rate amount to $16.50 per week at the time of this injury. For the total loss of the index finger an employee would be entitled to 50% of the average weekly wage during 40 weeks.

The loss of the distal phalange of the index finger under Paragraph E-6, of Section 8 of the Workmen's Compensation Act, is considered to be equal to the loss of one-half of said finger.

Under this record, it is impossible to ascertain the amount of temporary total compensation due the claimant, if any. Claimant seeks an award for temporary total compensation from November 24, 1941, to the 17th day of February, 1942, but the record does not support this claim. Under ordinary circumstances this injury should have healed within three weeks and claimant should have been able to resume his work at the end of that time. If complications had arisen in the healing of this finger the record should show it. Since it does not, the court feels that three weeks is indicated for temporary total disability.

An award is therefore entered in favor of claimant and against the respondent for temporary total compensation on the basis of $16.50 for three weeks, amounting to the sum of $49.50. A further award is entered in favor of the claimant and against the respondent for the loss of 50% of the index finger of the left hand, at the rate of $16.50 for 20 weeks, amounting to a sum of $330.00, making a total award in favor of claimant of $379.50, as provided in Section 8, Paragraph E-2-6 and Paragraph L, of the Workmen's Compensation Act of Illinois, all of which is now accrued and is payable in a lump sum.

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Methods of Payment Thereof" (Illinois Revised Statutes, 1941, Chapter 127, Paragraph 180-181), approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.